LOUIS BROWN, Respondent, v. PHILIP SALZBERG, Appellant.

Second Department, June 10, 1921.

Contracts — action to recover damages for breach of contract to sell dental business — verdict that there was complete contract against weight of evidence — evidence — self-serving declarations — original memorandum of contract improperly rejected — damages — charge erroneous which submits two measures of damages.

In an action to recover damages for breach of an alleged contract whereby the defendant was to convey a dental business to the plaintiff, *held*, that the verdict of the jury that there was a complete contract executed by the parties was against the weight of the evidence.

It was error to admit testimony by a former employer of the plaintiff to the effect that the plaintiff said that he had made some arrangement with the defendant since such statement was a self-serving declaration to a vital issue in the case, that is, that an arrangement had been made and not that it was being made.

It was improper to exclude the original memorandum of the contract drawn by the attorney for the parties in their presence on a general objection, though technically it was not admissible without preliminary proof that, aside from it, the witness could not recollect fully.

It was error for the judge to submit to the jury two measures of damages, namely, that the plaintiff was entitled to recover his year's salary under the alleged contract and also prospective profits, and also that the jury might take into consideration the difference between the contract price and the price for which the defendant subsequently sold the business.

APPEAL by the defendant, Philip Salzberg, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 22d day of December, 1920, upon the verdict of a jury, and also from an

order entered in said clerk's office on the 3d day of January, 1921, denying defendant's motion for a new trial made upon the minutes.

*Benjamin Reass* [*Aaron Benjamin* with him on the brief], for the appellant.

*Robert H. Ernest* [*Samuel L. Chess* with him on the brief], for the respondent.

MILLS, J.:

This action was brought to recover damages for the breach by defendant of an alleged contract between the parties, by which the plaintiff was to purchase, and the defendant to sell to him a certain dental business and office in the borough of Brooklyn. The complaint alleged that the contract was made on September 25, 1919, and that on October 10, 1919, defendant repudiated it and refused to perform it, to plaintiff's damage, including loss of prospective profits, to the aggregate amount of $8,620.

Plaintiff's claim was sustained directly only by his own testimony, which was as follows: He, being in the employment of a certain dental firm, wished to go into business for himself, and, learning that the defendant desired to sell out his dental business and office, entered into negotiations with him for the purpose of purchasing the same. Those negotiations went on for several weeks, and finally, on about September 25, 1919, culminated in an absolute oral agreement upon these terms — total price $3,000; the parties to work together one year, defendant to work nights only; plaintiff to draw $60 a week as salary, and defendant $30; plaintiff to deposit at once with defendant $500, with which he was, at the end of the year, to be credited upon the purchase price, if he elected to buy; and all profits made during the year to be divided equally. Upon cross-examination plaintiff gave the terms as though the purchase was to be absolutely accomplished at the end of the year, and not merely that he had an option. He admitted that there was between them talk of a written contract or agreement being made — that he himself asked for one; but he denied that one was ever

prepared or presented to him. As to the payment of the $500, he did not claim that he ever made it or offered to make it, but merely that he was ready to make it.

Defendant's testimony, on the other hand, was as follows: The parties did, about September 25, 1919, orally come to an agreement upon terms which defendant stated somewhat differently than plaintiff gave them; but the two agreed then to have a lawyer draw up a written agreement accordingly, and for that purpose saw the witness, lawyer Scholes, at his residence, and gave him directions which he then and there in their presence reduced to writing. Shortly thereafter the defendant received the written contract in duplicate, drawn up by Scholes in strict accord with those directions. He then presented them to plaintiff for signature, but plaintiff refused to sign and never did sign them, upon the ground that he was not willing to pay over at once the $500 to the defendant, but wanted merely to deposit it with someone else. To that defendant would not agree, and so the matter fell through. The written contract thus prepared was offered and received in evidence. Subsequently defendant sold out his business to another party for $5,000. The lawyer Scholes (sometimes called Schultz in the record) testified fully corroborating the defendant as to his part in the matter; and Miss Cook, the stenographer, also a lawyer, who drew up the contracts from his original memorandum, testified to that effect. Plaintiff, in rebuttal, denied that he ever saw Scholes, or that there was to his knowledge any written contract prepared. The charge is very long, but technically correct. It fails, however, anywhere to call attention to the testimony of Scholes or Miss Cook, which to my mind is the most important testimony in the case.

Appellant's main contention here is that the verdict that there was a complete contract was against the weight of the evidence. I think that this contention is well made. It seems to me that the preponderance of the proof is that the parties intended to have their agreement reduced to writing and signed, before it should be complete. That would be the natural thing for them to do in a matter of that importance; and the testimony of Scholes and Miss Cook appears to be strong and convincing in that direction.

Moreover, I think that substantial errors to defendant's prejudice were committed upon the trial as follows, namely:

(a) The plaintiff called one of his former employers, Dr. Berall, and proved by him that, the latter part of September, 1919, when plaintiff claimed the oral agreement with defendant was fully made, he notified those employers that he was going to leave them. That witness, over defendant's objection and exception, was also permitted to testify that plaintiff in that connection told him that he, plaintiff, " had made some arrangement with Dr. Salzberg," the defendant. I think that that ruling constituted error, and that the evidence received under it was to the substantial prejudice of the defendant. It was receiving proof of plaintiff's declaration out of court to the vital fact or issue in the case, *i. e.*, that an arrangement had then been made, not that it was being made.

(b) The trial court, upon plaintiff's objection, excluded the original memorandum which Scholes made from the statements of both parties to him as a basis for drawing up the contract. Probably that was not technically admissible without preliminary proof that, aside from it, witness could not recollect fully; but the objection was general. If it had been specific upon that ground, very likely it could have been obviated. Indeed, the cross-examination indicates some uncertainty in witness' recollection.

(c) The trial justice having charged that, if plaintiff was entitled to recover, he was entitled to recover not only his year's salary loss, but also prospective profits (this, I suppose, was upon the doctrine of *Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205), upon plaintiff's request further charged that the jury had a right " to take into consideration the difference between $3,000, the alleged contract price between the plaintiff and the defendant, and $5,000, the contract price " (meaning what defendant sold for). I think that this latter construction was erroneous. Possibly, under the circumstances, plaintiff might be permitted to elect whether to take the measure of damages declared in the main charge, viz., loss of salary and prospective profits, or to take the more general measure, viz., the value of the contract — here the difference between the $3,000 which plaintiff was to pay, and the $5,000 for which defendant sold to a third party.

Surely plaintiff was not entitled to the benefit of both measures, and the effect of the entire charge was to give him that.

The charge, moreover, seems unsatisfactory because it dealt evasively with certain proper requests in behalf of the defendant, notably with that as to the effect of plaintiff's failing to produce his books.

Upon the whole, therefore, I conclude that defendant has not had a fair trial, and should be permitted to have another.

I advise, therefore, that the judgment and order appealed from be reversed and a new trial granted, with costs to abide the event.

BLACKMAR, P. J., RICH, PUTNAM and JAYCOX, JJ., concur.

Judgment and order reversed and new trial granted, with costs to abide the event.